IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS SUPPLEMENTAL RETIREMENT AND DISABILITY FUND; GEORGE TEDESCHI, TRUSTEE, AND PAUL ROSENBERG, TRUSTEE<br>1900 L Street, N.W.<br>Washington, D.C. 20036,<br><br>          Plaintiffs,<br><br>      v.<br><br>THE PRINTING NETWORK<br>11569 Edmonston Road<br>Beltsville, MD 20705<br><br>          Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Graphic Communications Conference of the International Brotherhood of Teamsters Supplemental Retirement and Disability Fund (hereinafter referred to as the "Fund") and its Co-Chairmen Trustees, George Tedeschi and Paul Rosenberg, complaining of the Defendant, allege as follows:

I.

JURISDICTION

1. This is an action to collect delinquent payments to a multi-employer pension plan subject to the provisions of the Employee Retirement Income Security Act of 1974, 28 U.S.C., § 1000, et seq. ("ERISA"). This Court has jurisdiction of the action under § 502 of ERISA (29 U.S.C., § 1132).

II.

## THE PARTIES

2.  The Plaintiff Fund is established pursuant to agreements between The Printing Network, Washington, DC Local 285-M of the Graphic Communications Conference of the International Brotherhood of Teamsters Union, AFL-CIO, CLC, and The Printing Network among other companies, in order to provide for pensions, disability and related benefits to employees covered by collective bargaining agreements between Local Unions and companies. The Fund was and is an employee benefit plan within the meaning of § 3 (3) of ERISA (29 U.S.C., § 1002 (3)), and was and is controlled and managed by certain fiduciaries within the meaning of § 402 of ERISA (29 U.S.C., § 1102) and was and is engaged in providing benefits on behalf of covered employees, as provided for in the contract between Washington, DC Local 285-M and the Defendant. The Fund's principal place of business for such purposes is in the District of Columbia. Plaintiffs George Tedeschi and Paul Rosenberg are Co-Chairmen of the Board of Trustees of the Fund.

3.  Upon information and belief, the defendant, The Printing Network is an Maryland corporation engaged in the business of commercial printing, maintaining its business at 11569 Edmonston Road, Beltsville, MD 20705. Defendant was and is an employer within the meaning of the term as defined in § 3 (5) of ERISA (29 U.S.C., § 1002 (5)).

III.

CLAIM FOR RELIEF

4. Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 3 above, as if fully set forth.

5. Local 285-M of the Graphic Communications Conference of the International Brotherhood of Teamsters Union, AFL-CIO, CLC, as the collective bargaining representative of certain employees of the Defendant, entered into and maintained a written collective bargaining agreement at all times relevant hereto.

6. The current collective bargaining agreement between the Defendant and Local 285-M provides that the Defendant shall make monthly periodic contributions on behalf of its covered employees to the Fund.

7. Commencing in January 2005, Defendant became delinquent in making monthly contributions to the Fund in breach of the terms of the collective bargaining agreement and terms of the Agreement and Declaration of Trust on behalf of the Fund. Defendant also contributed at 5% instead of the contractually required 6% for the period from January 1, 2001 to date. The Declaration of Trust permits the Trustees to assess interest and establish liquidated damages on delinquent amounts of monies owed and entitles the Trustees to recover all expenses for collection efforts and reasonable attorneys' fees. Interest is assessed at the rate of prime plus one percent per annum, or 8% whichever is greater, and liquidated damages are set at 20% of the unpaid contributions.

8. On February 1, 2005, the Fund notified Defendant by certified mail, return receipt requested, that, pursuant to the Fund's established procedures, an arbitration would be held on February 17, 2005 concerning the Defendant's delinquency to the Fund.

9. The Arbitration was held on February 17, 2005, by telephone conference call. Defendant appeared in the person of its President, Mike Labbe, who acknowledged that the Defendant owed $8,553.44 for the months of January through April 2005, plus $19,437.43 for the additional 1% in contributions owed for the period from January 2001 to date. Defendant orally agreed to remain current in its contributions and pay monthly installments for a period of 19 months to pay the delinquency.

10. Defendant has failed to enter into a written settlement agreement as agreed to orally on February 17, 2005.

11. Defendant was sent a copy of the Award by certified mail, return receipt requested, dated June 3, 2005. Defendant received the copy of the Award on June 7, 2005.

12. The Award states that Defendant is delinquent for the months of January 2001 through April 2005 in the amount of $8,553.44, plus $19, 437.43 representing the difference between the 5% and 6% contribution rate from January 2001 to date and is directed to pay a total of $27,990.87, plus prior interest and liquidated damages. The Defendant is also directed by the Award to remain current in its contributions. A copy of the Arbitrators' Award is attached as Exhibit A.

13. Defendant has failed to remain current in its contributions and has not made any payments on the prior delinquency. Defendant now owes a total of $10,691.80 for the months of January 2005 through May 2005 plus $19,437.43 for the difference in 5% and 6% contribution rate for the period from January 2001 to date, plus liquidated damages and interest.

14.   Defendant has violated §§ 502 (a)(3) and 515 of ERISA in that it is delinquent in its contributions to the Fund for the months of January 2001 through April 2005 in violation of the collective bargaining agreement, the Agreement and Declaration of Trust and in that it has failed to comply with the Arbitrators' Award.

WHEREFORE, the Plaintiffs pray that this Court enter judgment in their favor and against Defendant The Printing Network pursuant to the provisions of § 502 (g)(2) of ERISA, 29 U.S.C. § 1132 (g)(2) in the amount of $30,129.23 plus any amounts for any delinquencies subsequent to the filing of this case but prior to entry of a final order, plus interest and liquidated damages, costs and fees, as provided for in the Arbitration Award of $120.00 and attorneys' fees of $100.00, and any additional costs and such other relief as the Court deems proper.

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Martin R. Ganzglass
1900 L Street, N.W., Suite 800
Washington, D.C.  20036
(202) 898-1824
D.C. Bar No. 024174

Attachment:   Exhibit A, Arbitrators' Award

G:\SRDF\DELINQS\L-Q\The Printing NetworkComplaint.05June29.wpd