IN ARBITRATION UNDER THE TRUST INDENTURE OF
THE GRAPHIC COMMUNICATIONS CONFERENCE/ INTERNATIONAL
BROTHERHOOD OF TEAMSTERS
SUPPLEMENTAL RETIREMENT AND DISABILITY FUND

---

Kurt Freeman
Union-Appointed Trustee and Arbitrator

Malcolm L. Pritzker
Management-Appointed Trustee and Arbitrator

---

THE PRINTING NETWORK

and

LOCAL 285-M, GRAPHIC COMMUNICATIONS CONFERENCE
OF THE
INTERNATIONAL BROTHERHOOD OF TEAMSTERS

---

DECISION AND AWARD

I. **DECISION**

The undersigned, Trustees of the Graphic Communications International Union Supplemental Retirement and Disability Fund (hereinafter referred to as "the Fund"), a jointly trusteed fund, having been duly selected as an Arbitration Board to hear and resolve disputes concerning contributions to the Fund and related problems.

The instant case involved alleged delinquencies by The Printing Network (hereinafter referred to as "the Company") to the Fund. Contributions to the Fund by companies are contractually required obligations under collective bargaining agreements by and between them and various constituent Locals of the Graphic Communications

Conference of the International Brotherhood of Teamsters, AFL-CIO. Contributions to the Fund are calculated based upon a percentage of gross weekly wages paid to employees, as that term is defined in those agreements. The particular Local with which the Company is alleged to have such an agreement is Local 285-M, Graphic Communications Conference of the International Brotherhood of Teamsters, AFL-CIO (hereinafter referred to as "the Union").

A hearing was held by telephone conference call initiated by legal counsel to the Fund, O'Donnell, Schwartz & Anderson, P.C., 1900 L Street, N.W., Suite 800, Washington, D.C. on February 17, 2005 following proper notice. The following appearances were made:

> For the Union:  Martin R. Ganzglass, Attorney
>
> For the Company: Mr. Mike Labbe

At the hearing, the following facts were adduced by the Union:

1. Original Notice of the hearing had been sent to and received by the Company.

2. At all times relevant hereto, the Company has been a signatory to collective bargaining agreements with the Union, requiring contributions to the Fund.

3. The Company agreed, commencing March 2005, to pay the regular monthly contributions owed plus $1,134.31, in 19 equal monthly installments, representing the difference between the 5% and 6% contribution rates, which should have been in effect January 2001.

4. Despite having orally proposed the repayment schedule set forth in Paragraph 3, the Company has failed to sign a letter settlement agreement embodying the terms it proposed which were accepted by the Fund.

5. In addition, the Company has not remained current in its monthly contributions and has not made any payments towards the $19,437.43 delinquency. According to the Fund's records, the Company now owes $8,553.44 for the months of January through April 2005, plus $19,437.43, plus liquidated damages and interest.

4. The Notice of Hearing, forwarded to and received by the Company, advised the Company that Section 4 of Article VI of the Agreement and Declaration of Trust of the Fund, which the Company has agreed to be bound by, permits the assessments of costs, hearing fees and interest due to the date of payments against delinquent companies. The Notice further indicated that interest would be assessed at the rate of prime plus 1% or 8% whichever is greater, and liquidated damages of 20% of the uncollected amounts owed, plus costs and attorneys' fees.

II. **AWARD**

1. The Company is, in fact, delinquent in its contributions to the Fund in the estimated amount of $8,553.44 for the months of January through April 2005, plus $19,437.43 representing the difference between the 5% and 6% contribution rate from January 2001 to date and is directed hereby to pay a total of $27,990.87 to the Fund forthwith together with interest at the rate of prime plus 1%, or 8% whichever is greater, continuing until such time as payment is made in full, plus liquidated damages of 20% of the uncollected amounts owed.

2.	The Company is directed to submit, together with the payments, the appropriate monthly reports of contributions, as required by the collective bargaining agreement.

3.	This Award confirms the estimated amount of delinquency, as set forth above, subject to verification and accounting by an agent designated by the Fund or the Union.

4.	The Company is directed to remain current in its contributions to the Fund and, upon failure to do so, the Arbitrators will direct the Fund's legal counsel to demand payment based upon this Award and, if it is not forthcoming, to immediately institute legal proceedings to enforce this Award.

5.	The Company is further assessed costs of this Arbitration of $120.00 and legal fees of $100.00.

Dated this ___3___ day of June 2005


_____
MALCOLM L. PRITZKER, Arbitrator		KURT FREEMAN, Arbitrator



G:\SRDF\DELINQS\L-Q\PrintingNetworkArbAward.05May31.wpd